UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARD MARZOCCHI, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MRS BPO, L.L.C. a/k/a MRS ASSOCIATES,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff GERARD MARZOCCHI (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant MRS BPO, L.L.C. a/k/a MRS ASSOCIATES (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a

1

debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal office located in Cherry Hill, New Jersey.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - All New York consumers who were sent collection letters and/or notice from Defendant attempting to collect an obligation owed to or allegedly owed to Chase Bank, in which the Defendant improperly attempted to collect an amount in excess of what was owed, in violation of 15 U.S.C. §1692 *et seq*.

    - The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA;
    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;
    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **ALLEGATIONS OF FACT**

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to November 3, 2014, an obligation was allegedly incurred by Plaintiff to Chase Bank.

16. The Chase Bank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged Chase Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Chase Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Defendant contends that the Chase Bank debt is past due.

20. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

21. Chase Bank directly or through an intermediary contracted Defendant to collect the Chase Bank debt.

22. In its effort to collect on the Chase Bank obligation, Defendant mailed a series of Collection Letters to the Plaintiff.

23. On or about September 5, 2014, the Defendant mailed a Collection Letter to the Plaintiff which asserted that $4,167.82 was due and owing to Chase Bank.

24. On or about October 7, 2014, the Defendant mailed a Collection Letter to the Plaintiff which now alleged that $4,166.98 was due and owing to Chase Bank.

25. On or about November 3, 2014, the Defendant mailed a Collection Letter to the Plaintiff which similarly asserted that $4,166.98 was due and owing to Chase Bank.

26. No payments were made on the Plaintiff's accounts with Chase Bank during the period between the September 5th Collection Letter and the November 3rd Collection Letter.

27. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

28. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(e) and (f).

31. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

32. Defendant violated 15 U.S.C. § 1692e(2)(A) by overstating the amount of the debt owed to the creditor in its September 5th Collection Letter to Plaintiff.

33. 15 U.S.C.A. § 1692f prohibits the collection of any amount (including any interest, fee,

6

charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

34. Upon information and belief, the Defendant attempted to collect an amount in excess of which it was authorized to collect, in its September 5th Collection Letter to the Plaintiff in violation of the FDCPA.

35. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yitzchak Zelman, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 27, 2015

Respectfully submitted,

> By: /s/ Yitzchak Zelman
> Yitzchak Zelman, Esq. (YZ5857)
> Law Office of Alan J. Sasson, P.C.
> 1669 East 12th Street
> Brooklyn, New York 11229
> Phone: (718) 339-0856
> Facsimile: (347) 244-7178
> *Attorney for the Plaintiff*
> *George Ralston*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> */s/ Yitzchak Zelman*
> Yitzchak Zelman, Esq.

Dated: January 27, 2015